IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-10208-WEB |
| BRIAN BUTTERS, | ) ) ) | |
| Defendant. | ) | |

Memorandum and Order

Following a jury trial, Brian Butters was convicted of the use of the internet to entice sex from a minor, in violation of 18 U.S.C. § 2422(b). He was sentenced to 120 months imprisonment. Butters filed a direct appeal, and the Tenth Circuit affirmed his conviction and sentence. United States v. Butters, 267 Fed.Appx. 773 (10th Cir. 2008). Butters then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. This Court denied the petition, and the Tenth Circuit dismissed the appeal. Butters has filed a motion titled "Motion for Transcripts and Documents," (Doc. 103), in which he requests the Court furnish him with transcripts, documents, and instruments pertaining to all court transactions conducted during Petitioner's Habeas proceedings, as well as copies of all tangible evidence and documents in his attorney's possession. It appears that Butters is preparing to file a second or successive Section 2255 motion.

First, the Court notes that Butter's Section 2255 motion was addressed by this Court following the submission of briefs, without a hearing. Therefore, there are no transcripts. Secondly, Butters requests this Court order that material in the possession of attorneys Robert Ratliff and Wesley Robinson be provided to him. A review of the district court docket and the Tenth Circuit docket do not show that attorneys Ratliff and Robinson were ever attorneys of

record for Butters. A prisoner retains a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). This right extends to protect an inmates ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. Wolff v. McDonnell, 418 U.S. 539, 576 (1974). Butters' motion fails to demonstrate any actual prejudice in his ability to pursue a nonfrivolous legal claim, especially since the attorneys Butters recognized were never attorneys of record.

Finally, the Court would take this opportunity to notify Butters that there are rules governing the filing of a successive Section 2255 motions. See 28 U.S.C. § 2244(b0(3)(A); 28 U.S.C. § 2255(h).

For the reasons stated above, Butters' Motion for Transcripts and Documents (Doc. 103) is denied.

It is so ordered this 3rd day of November, 2011.

Wesley E. Brown
Senior United States District Court Judge